IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| THOMAS NESBITT, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | 4:18CV3057 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT FRAKES, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Mr. Nesbitt, an inmate in the custody of the State of Nebraska, has brought a habeas corpus action. He styles his petition as one brought under § 2241. I construe the petition under the provisions of 28 U.S.C. § 2241(c)(3). I conduct an initial review of the petition under 28 U.S.C. § 2243. Moreover, Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. I now dismiss this matter.

Nesbitt has been here many times before. He lost his initial attack on his conviction and life sentence for murder. *Nesbitt v. Hopkins*, 907 F. Supp. 1317, 1319 (D. Neb. 1995), *aff'd*, 86 F.3d 118 (8th Cir. 1996) (holding that: (1) petitioner was not put twice in jeopardy by state's first-degree premeditated murder prosecution after directed verdict was entered on felony murder count; (2) first-degree premeditated murder and felony murder were not same offense; and (3) state court's denial of petitioner's request for postconviction bail did not deprive him of due process.) Subsequently, he was bounced at least twice before for filing a successive petition without making the required showing or obtaining authorization from the Eighth Circuit Court of Appeals, and the Court of Appeals has affirmed those denials. *See Nesbitt v. Houston*, 4:10CV3099; *Nesbitt v. Houston*, 8:13CV075.

The petition rambles but essentially challenges this Court's prior decisions and the Court of Appeals' prior decisions. The petition is successive and no permission has

been granted by the Court of Appeals to file a successive petition. 28 U.S.C. § 2244 (b)(1). (Emphasis added.) *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (Under provision of Antiterrorism and Effective Death Penalty Act (AEDPA) governing second or successive habeas petitions, if the claim presented in the second or successive petition was also presented in the prior petition, the claim must be dismissed.)

Even if Nesbitt could somehow avoid the bar of § 2244 (b)(1), he would be required to seek the permission of the Court of Appeals to commence this second action. 28 U.S.C. § 2444 (b)(2) & (3)(A). He has not done so, and this matter must be dismissed on that basis as well. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition).

Although Nesbitt sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus is denied and dismissed. No certificate of appealability has been or will be issued. If Nesbitt attempts to appeal this matter, I herewith certify that any appeal is not taken in good faith. Judgment will be entered by separate document.

DATED this 30th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge